## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERROLD WAYNE OPHER, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 05-2665 |
| | : | |
| COMMONWEALTH of | : | |
| PENNSYLVANIA BOARD of | : | |
| PROBATION and PAROLE, | : | |
| Defendant | : | |

## M E M O R A N D U M

**STENGEL, J.**                                                    **December        , 2005**

*Pro se* plaintiff Terrold Wayne Opher brings this 42 U.S.C. § 1983 cause of action against the Commonwealth of Pennsylvania Board of Probation and Parole seeking $75,000 for being wrongfully imprisoned from March 19, 2005, until April 14, 2005. The defendant filed a motion to dismiss pursuant to the Eleventh Amendment.

## I.    BACKGROUND

Opher's complaint, filed August 11, 2005, avers that he was released from Graterford State Prison on January 26, 2005 after serving the maximum of his sentence. Opher was then taken back to Graterford on March 19, 2005 and then re-released on April 14, 2005. Opher believes he was not serving a legitimate state sentence or revocation of parole from March 19 until April 14 of 2005. He brings this suit from a correctional institution in Dallas seeking monetary damages for the time he incorrectly served. The defendant Parole Board filed a motion to dismiss the case pursuant to Fed. R. Civ. P. 12(b)(1) and (6) based upon the Eleventh Amendment. The Court then ordered

Opher to respond to the defendant's motion (Docket # 16, filed October 27, 2005). Opher has now sent the Court a handwritten letter praying that the Court not dismiss his case. At this point, I do not believe any further response is forthcoming and I will analyze the merits of the motion.

## II.    STANDARD OF REVIEW

When considering a challenge under Fed. Rules Civ. Pro. 12(b)(1) and 12(b)(6), the court must accept the complaint's allegations as true and draw all reasonable inferences in plaintiff's favor. Zimmerman v. HBO Affiliate Group, 834 F.2d 1163, 1164-65 (3d Cir. 1987). Under Federal Rule of Civil Procedure 12(b)(6), a Defendant may move to dismiss a Complaint for "failure to state a claim upon which relief can be granted." The rule is designed to screen out cases where "a Complaint states a claim based upon a wrong for which there is clearly no remedy, or a claim which the Plaintiff is without right or power to assert and for which no relief could possibly be granted." Port Auth. v. Arcadian Corp., 189 F.3d 305, 311-312 (3d Cir. 1999). Under Rule 12(b)(6), a Complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The issue, therefore, is not whether the Plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claims. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); See Also Maio v. Aetna, Inc., 221 F.3d 472, 482 (3d Cir. 2000). Further, when reviewing a *pro se*

complaint a court "is less stringent than that of pleadings prepared by lawyers." Milhouse v. Carlson, 662 F.2d 371, 373 (3d Cir. 1981).  "A *pro se* complaint may be dismissed for failure to state a claim only if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972).)

## III.   DISCUSSION

Under 42 U.S.C. § 1983 states and state subdivisions, such as the defendant parole board, are not persons within the meaning of the statute.  See Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989).  Thus, on its face, Opher has failed to state a 42 U.S.C. § 1983 claim upon which relief may be granted.  Furthermore, the Eleventh Amendment immunizes states, and their agencies, from suits in federal courts brought by private parties.  Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261 (1997); Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1996); Laskaris v. Thornburgh, 661 F.2d 23 (3d Cir. 1981).  The Pennsylvania Board of Probation and Parole has also specifically been found eligible for Eleventh Amendment immunity.  See Ahmad v. Burke, 436 F. Supp. 1307, 1311-1312 (E.D. Pa. 1977); Chladek v. Pennsylvania, Civ. No. 97-0355, 1998 U.S. Dist. LEXIS 712 (E.D. Pa. 1998) (Hutton J.); and London v. Pa. Bd. of Prob. & Parole, 135 F. Supp. 2d 612 (E.D. Pa. 2001).

Given the appropriate case law, and that Opher has only named the Commonwealth Board of Probation and Parole seeking monetary damages, this Court is

3

not able to grant the relief requested.  Opher's complaint is dismissed.  An appropriate

order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TERROLD WAYNE OPHER,           :        CIVIL ACTION
     Plaintiff            :
                          :
   v.                           :        NO. 05-2665
                          :
COMMONWEALTH of                :
PENNSYLVANIA BOARD of          :
PROBATION and PAROLE,          :
     Defendant            :

## <u>ORDER</u>

     **AND NOW**, this          day of December, 2005, upon consideration of

defendant's Motion to Dismiss plaintiff's Complaint (Docket # 14), it is hereby

**ORDERED** that the Motion is **GRANTED**.  Plaintiff's complaint is dismissed.  The

Clerk of Courts shall mark this case closed.

                                          BY THE COURT:

                                          _____

                                          LAWRENCE F. STENGEL, J.